In the Matter of ALVAN S. HUTCHINSON, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 16, 1991

### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr. (Robert P. Guido* of counsel), for petitioner.

*Anthony J. Cincotta* for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding the respondent was charged with one allegation of professional misconduct. The Special Referee sustained the charge against the respondent. The petitioner

moves to confirm the report of the Special Referee. The respondent submitted an affidavit in response thereto.

The charge alleged that the respondent violated his duties and obligations as a fiduciary in connection with the estate of his father, who died on October 12, 1967, and engaged in self-dealing and overreaching. In or about July 1975 the respondent was appointed as a successor trustee of the estate. At the time, the income beneficiary of the trust was the respondent's mother and the three remaindermen were the respondent's nieces and nephews. The trust consisted of approximately $5,000 in cash and a 25% interest in a parcel of commercial realty. The other owners of the realty were the respondent's aunt, who held a 50% interest, and the respondent and his sister, who each held a 12½% interest.

On August 27, 1979, the respondent purchased, in his own name, his sister's 12½% interest for $7,250, thereby increasing his own interest to 25%. Thereafter, the respondent unsuccessfully attempted to purchase the 25% interest held by the trust. Nevertheless, on or about October 24, 1980, the respondent, in his capacity as the trustee, conveyed the 25% interest of the realty owned by the trust to his aunt, thereby increasing his aunt's share to 75%. At the time, his aunt was a full-time resident of a nursing home. On or about August 24, 1981, the respondent transferred his aunt's share to his wife by signing his aunt's name to the deed and mortgage pursuant to a power of attorney he had received from his aunt in 1968. The power of attorney did not contain a provision that it would survive if the aunt became incapacitated. The consideration for the transfer was a purchase-money mortgage in the amount of $13,500.

Thereafter, on or about July 12, 1982, the respondent, using the same power of attorney, prepared and signed a satisfaction of the mortgage from his aunt to his wife, notwithstanding that no payments had been made to the aunt. On August 3, 1982, the respondent and his wife conveyed their respective interests in the realty to each other, thus becoming owners of 100% of the realty as tenants by the entirety. In a decision dated January 31, 1989, following a hearing on the objections filed by the remaindermen to the respondent's accounting as trustee, Surrogate Radigan of Nassau County, found that the respondent "in conveying the trust interest was motivated by personal gain which he accomplished through not less than self-dealing and perhaps artifice".

After reviewing all of the evidence, we are in agreement with the report of the Special Referee sustaining the charge of professional misconduct. The respondent is guilty of the misconduct outlined above. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the fact that the respondent has returned all beneficiaries to their interests status quo ante and has made full restitution. Nevertheless, the respondent is guilty of serious professional misconduct. Accordingly, the respondent is suspended from the practice of law for a period of two years commencing October 21, 1991 and until the further order of this court.

MANGANO, P. J., THOMPSON, KUNZEMAN, SULLIVAN and LAWRENCE, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent Alvan S. Hutchinson is suspended from the practice of law for a period of two years, commencing October 21, 1991, and continuing until the further order of this court, with leave to the respondent to apply for reinstatement after the expiration of that period of two years upon furnishing satisfactory proof (a) that during that period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent Alvan S. Hutchinson is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.